IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SATYSHEEL KORPE<br><br>*Defendant.* | Case No. 1:24-po-552<br><br>The Honorable Ivan D. Davis |

**THE UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR TRIAL BY JURY**

The United States of America, by Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Ryan Underwood, Special Assistant United States Attorney, and Tracy Varghese, Special Assistant United States Attorney, submit this response in opposition to the Defendant's motion for a trial by jury (ECF No. 25).

The defendant's motion correctly notes that "Supreme Court precedents limit the jury trial right to 'serious' infractions punishable by six or more months of imprisonment." ECF No. 25 (citing cases). The greatest offense with which defendant has been charged in this matter is Driving Under the Influence (DUI) in violation of 36 C.F.R. § 4.23(a)(1) and (a)(2), a Class B misdemeanor for which the defendant faces a maximum penalty of "not more than 6 months" of imprisonment. 36 C.F.R. § 1.3. The Supreme Court has addressed the very issue of the right to a trial by jury for the offense of operation of a motor vehicle under the influence of alcohol on federal park land. *See United States v. Nachtigal,* 507 U.S. 1, 113 S. Ct. 1072, 122 L. Ed. 2d 374 (1993) (per curiam). In *Nachtigal,* the Supreme Court upheld a Magistrate Judge's denial of a motion for trial by jury in a case in which the defendant was charged with operation of a vehicle under the influence of alcohol in Yosemite National Park, for which the individual was subject to

1

a potential maximum penalty of six months' imprisonment and a $5,000 fine. *Id.* at 1072. The Supreme Court held that "[b]ecause the maximum term of imprisonment is six months, DUI under 36 C.F.R. § 4.23(a)(1) is a petty offense to which no jury trial right attaches." *Id.* at 1074. Further elaborating upon the six-month carceral threshold for the right to trial by jury, the Court also explained that terms of probation and monetary penalties are "far less intrusive than incarceration" and "do not approximate the severe loss of liberty caused by imprisonment for more than six months." *Id.* at 1074.

The right to a jury trial also does not attach through the accumulation of petty offenses. The Supreme Court has also held that

> By setting the maximum authorized prison term at six months, the Legislature categorizes [an] offense…as petty. The fact that [a defendant] is charged with two counts of a petty offense does not revise the legislative judgment as to the gravity of that particular offense, nor does it transform a petty offense into a serious one, to which the jury trial right would apply.

*Lewis v. United States,* 518 U.S. 322, 327, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996). The right to a jury trial does not attach in this case merely because the defendant committed other, less serious offenses that could—if he was sentenced to consecutive terms of imprisonment—subject the defendant to a greater than six-month term of imprisonment.

Because the defendant in the instant matter faces a maximum penalty of no more than six months' imprisonment for a series of petty offenses and the Supreme Court has deemed DUI—and, specifically, DUI on federal park property—a petty offense to which the right to jury trial does not attach, the defendant's motion must be denied.

**CONCLUSION**

For the foregoing reasons, this Court should deny the defendant's motion for trial by jury.

                                  Respectfully submitted,

                                  Jessica Aber
                                  United States Attorney

Date: August 12, 2024        By: *R. Underwood*
                                  Ryan M. Underwood (DC Bar No. 1656505)
                                  Special Assistant United States Attorney
                                  Tracy Varghese
                                  Special Assistant United States Attorney
                                  April Russo
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  2100 Jamieson Avenue
                                  Alexandria, VA 22314
                                  Tel: 703-299-3800
                                  Fax: 703-299-3980
                                  Email: ryan.underwood@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to all counsel of record.

*R. Underwood*

Ryan M. Underwood
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: 703-299-3800
Fax: 703-299-3980
Email: ryan.underwood@usdoj.gov